ACCEPTED
03-14-00117-CV
6459633
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/12/2015 11:05:42 AM
JEFFREY D. KYLE
CLERK

### NO. 03-14-00117-CV

| | | |
|---|---|---|
| NASH JESUS GONZALES and | § | IN THE COURT OF APPEALS |
| GONZALES & GONZALES, P.C., | § | |
|     Appellants | § | |
| V. | § | THIRD JUDICIAL DISTRICT |
| | § | |
| MARISSA ANN GONZALES | § | |
|     Appellee | § | AUSTIN, TEXAS |

3rd COURT OF APPEALS
AUSTIN, TEXAS
8/12/2015 11:05:42 AM
JEFFREY D. KYLE
Clerk

## APPELLEE MARISSA ANN GONZALES' REPLY TO APPELLANTS' RESPONSE TO MOTION TO DISMISS

TO THE HONORABLE COURT:

COMES NOW Appellee Marissa Ann Gonzales, and files her Reply to Appellants' Response to Appellee's Motion to Dismiss and respectfully shows the Court as follows:

In the trial court Nash sought a residency restriction limiting the residency of the children to Travis County. Nash complains in this appeal that the residency restriction should have been limited to Travis County or New York (but in any event not to the State of Texas as found by the jury). He claims there was no evidence supporting a restriction to the State of Texas. If Nash's appeal is successful, on remand a jury would consider a residency restriction of Travis County or New York.

Simultaneously, Nash seeks an order from the Collin County District Court restricting the children's residency to Collin County, where the parties all currently

live. Collin County is not Travis County and is not New York. The conflict created by Nash's SAPCR suit filed while this appeal is pending is that simple.

Nash argues in his response that Marissa has ignored other issues in the appeal. To the contrary, Marissa clearly states in her motion that there is no longer a controversy in the Court of Appeals "with regard to the geographic restriction of the children and such issue should be dismissed as moot." Marissa also states the contradictory relief sought by Nash "divests this Court of jurisdiction over that issue." Marissa is only asking the Court of Appeals to consider Nash's waiver and contradictory position with regard to the geographic restriction because it is the only geographic restriction that Nash seeks to alter in the Collin County SAPCR suit.

Nash also argues that Marissa misunderstands the relief requested in this Court as a rendition of judgment. The Motion to Dismiss does not mention or even contemplate a rendition of judgment. In any event, that is not the relevant analysis to the jurisdictional issues before this Court. The relevant analysis is Nash's affirmative request for relief in the district court that moots any relief that would otherwise come from this Court. The relevant analysis is also the focus on the contradictory outcomes of the ultimate relief sought by Nash- which is a geographic restriction to Travis County on the one hand and Collin County on the other. He asks for both and both are not possible.

Nash argues his request for the Collin County restriction compliments his request for the Travis County restriction. If anything, a restriction in Collin County compliments the jury's finding that the restriction should be limited to the State of Texas, but at a minimum it highlights the conflict created by his SAPCR suit. If Nash is successful in this appeal and the case is remanded, the end result will be a judgment limiting the residency restriction to either Travis County or New York. There is no possibility of a judgment restricting the parties to Collin County on remand. Contrary to Nash's statement in his Response, a retrial would occur in Travis County, where the judgment at issue was rendered, and a jury would not consider Collin County as an option. Nash's very point in this appeal is that the only evidence supporting a geographic restriction in the trial court was for Travis County or New York. There certainly was not evidence presented to support Collin County.

Another possibility, not discussed by Nash, is this Court will *affirm* the judgment of the trial court (as requested by Appellee) thus establishing the geographic restriction as the State of Texas. The point is, regardless of this Court's decision, an order from the Collin County District Court limiting the geographic restriction to Collin County clearly contradicts any possible geographic restriction that could result from this appeal.

Nash argues that merely requesting that the geographic restriction be modified in his SAPCR suit does not divest this Court of jurisdiction. To the contrary, Nash is essentially asking a district court to modify the very order that he is simultaneously asking this Court to review. Put simply, Nash is attempting to take two bites at the apple by appealing the order while simultaneously seeking modification of the same order in a new and separate district court suit. This necessarily divests this Court of jurisdiction.

For the reasons discussed above, Appellee Marissa Ann Gonzales respectfully requests that the Court grant her Motion to Dismiss.

Respectfully submitted,

SAVRICK, SCHUMANN, JOHNSON, MCGARR, KAMINSKI & SHIRLEY, LLP

*Jessica Marcoux Hall*

C. Wilson Shirley III
State Bar No. 00795647
Jessica Marcoux Hall
State Bar No. 24046348
The Overlook at Gaines Ranch
4330 Gaines Ranch Loop, Suite 150
Austin, Texas 78735
512-347-1604 Phone
512-347-1676 Facsimile
Email:     wilson@ssjmlaw.com
Email:     jessica@ssjmlaw.com

ATTORNEYS FOR APPELLEE
MARISSA ANN GONZALES

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of this Motion for Substitution of Counsel has been served on the following via the Efile system on this 12ᵗʰ day of August, 2015:

Thomas B. Cowart                      *Via email: tom@tcowart.com*
WASOFF & COWART, PLLC
100 North Central Expressway, Suite 901
Richardson, Texas 75080

Jessica Marcoux Hall